### ANDERSON *v.* THE NEWCASTLE AND RICHMOND RAILROAD COMPANY.

It cannot be pleaded to a complaint upon a subscription of stock, that at the time it was made there was no such corporation, because the defendant is estopped by his contract to deny the corporation, and because, under the general railroad law, subscriptions of a certain amount of stock are necessary for the organization of a contemplated corporation, and for that reason and purpose are valid before such organization, and may be collected afterwards.

The defendant, in a suit upon a subscription of stock, cannot set up a secret, fraudulent arrangement by which other subscribers were to have stock upon terms different from those specified in the contract.   Such arrangements are of no avail to the parties in whose behalf they are made.

*Thursday,*
*June 2.*

APPEAL from the *Cass* Circuit Court.

PERKINS, J.—Suit upon a subscription of stock to *The Newcastle and Richmond Railroad Company.*

The article of subscription was as follows:

"*Newcastle and Richmond Railroad Company.* We, the undersigned, promise to pay *The Newcastle and Richmond Railroad Company*, on their extension of said road from *Newcastle* to *Logansport*, the sum of fifty dollars for each and every share of stock by us subscribed, to be expended on the same, from the point where the same may be located, crossing *The Indianapolis and Bellefontaine Railroad*, to *Logansport*, in such installments as may be or-

dered by the directors of said company. And we hereby authorize and empower *William Chase* to transfer each share of stock by us subscribed to the regular subscription book of said company.

May Term,
1859.

ANDERSON
v.
THE NEW-
CASTLE, &c.,
RAILRO'D CO.

| Subscribers' Names. | No. of Shares. | Amount. |
|---|---|---|
| P. Anderson. | 4. | $200." |

The defendant answered, admitting the subscription, but averring—

1. That at the time of making the same, there was no such corporation as that named in the subscription paper.

This answer was bad, because the defendant was estopped by his contract to deny the corporation; and because, under the general railroad law, subscriptions of a certain amount of stock are necessary for the organization of the contemplated corporation, and for that reason and purpose are valid, before the corporation is organized, and may be collected by it, after organization. The answer does not deny that such organization had taken place before this suit was brought. See *The Covington, &c., Plankroad Co.* v. *Moore*, 3 Ind. R. 510; *Judah* v. *The American, &c., Co.*, 4 *id.* 333.

2. That the stock was subscribed on condition that the road should be first extended to *Logansport;* and that the road had not been so extended.

This answer was bad, because it set up a false interpretation of the written subscription. It was not a condition of the subscription that the road should be extended to *Logansport;* for the very money subscribed was to be expended in making the extension. The instrument means that the stock is subscribed in, or for, that extension. See *The New Albany, &c., Railroad Co.* v. *Pickens*, 5 Ind. R. 247.

3. That the subscription was obtained by fraud in this, to-wit, that two men, *Taber* and *Walker*, were permitted to subscribe each 20,000 dollars in stock, under a secret arrangement with the directors, that they should be released from a part of said subscription after others had been induced by it to subscribe; and that, on the other

May Term,
1859.

ANDERSON
v.
THE NEW-
CASTLE, &c.,
RAILRO'D CO.

part, they should have an extension of time of payment for five years.

Since railroad stocks have depreciated, and railroad schemes have become less popular than they formerly were, it is becoming common to set up fraud in obtaining the subscriptions, as a ground of avoiding their payment, and difficult questions are often thus presented. Representations, which, in the feverish excitement produced by an extraordinary temporary success, seemed to all as probably below the promised reality, now, in the ebbing of the railroad tide to a lower stage than is natural, appear like stupendous attempts at swindling. And means then resorted to to obtain subscriptions of stock, which the deluded no doubt sincerely thought justified by the supposed certain profitable result, now, in more sober times, shock the moral sensibility of every right-minded man.

But when these questions are presented to the Courts, they must sift the exaggerated representation from the deliberate assertion of a material fact, of which the subscriber had not the means of knowledge, and for the truth of which he rightly relied upon the solicitor of stock, authorized to assert it for his principal; they must separate the fraudulent device of which the subscriber was innocent, from those in which he participated; in short, they must decide upon railroad—upon corporation contracts, under the guidance, and in the application of the established rules governing their action upon contracts in other cases, and between private individuals.

These questions have been raised, and more or less discussed, and, to some extent, decided, in the following, among other cases, in this Court: *The Newcastle, &c., Co.* v. *Bell*, 8 Blackf. 584; *Judah* v. *The American, &c., Co.*, *supra; The Southern Plankroad Co.* v. *Hixon*, 5 Ind. R. 165; *The Western Plankroad Co.* v. *Stockton*, 7 *id.* 500; *The New Albany, &c., Co.* v. *Fields*, 10 *id.* 187; *Johnson* v. *The Crawfordsville, &c., Co.*, 11 *id.* 280; *Keller* v. *Johnson*, *id.* 337. The principles decided in the four latter cases go far beyond the line by which this case is bounded.

*Taber* and *Walker* could not avail themselves of the secret, fraudulent agreement, upon which they subscribed their stock. They were bound for the whole of it, according to the terms of the open, general, written subscription; and, hence, this defendant was not injured by their secret fraudulent agreement.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*H. P. Biddle*, for the appellant.

*D. D. Pratt* and *S. C. Taber*, for the appellees.