## COURTRIGHT v. DEEDS.

1. **Contract:** DEPENDENT COVENANTS: TENDER. Contract of subscription binding defendant to pay to a railroad company $500 when its road was completed to a certain point, on the following condition: " Provided, that upon such payment there shall be delivered to me a certificate of stock for five paid up shares of $100 each in such railroad company as may build and own such completed railroad. *Held,* that a tender of stock was necessary to entitle plaintiff to sue.

2. **Corporation:** OWNERSHIP OF STOCK CERTIFICATES : EVIDENCE. Possession of certificates of stock of a corporation with their transfer to the holder indorsed thereon and containing authority to the officers of the corporation to enter the transfer on the books of the same, is *prima facie* evidence of ownership in the holder.

3. —— VALIDITY OF CERTIFICATES. Certificates of stock are not necessarily invalid because issued at a place outside of the State in which the corporation was organized and has its principal place of business.

4. —— EFFECT OF FAILURE TO COMPLY WITH LAW. The failure of a corporation to manage and conduct its business at places required by law cannot be successfully pleaded as a defense, or to defeat a recovery in an action on a contract entered into by the defendant with the corporation.

5. **Railroad:** CONTRACT OF SUBSCRIPTION. A right of action on a contract of subscription promising to pay a certain sum " as soon as the cars shall run to B. upon a completed railroad from W.," will not be defeated by the fact that the company building the road does not own the rolling stock by which it is operated.

6. **Evidence:** SECONDARY EVIDENCE OF DEEDS. The record or other secondary evidence of a deed is not admissible in evidence to prove title, until it is shown that the original is lost, or not in the possession or control of the party offering the secondary evidence.

7. —— PART OF ACT OR DECLARATION. When part of an act, declaration or conversation has been given in evidence, the whole of the same on the same subject may be inquired into by the opposite party. Rev., § 3992.

8. —— POSSESSION OF WRITTEN INSTRUMENT. The possession of a written instrument furnishes presumptive evidence of ownership in the party holding it.

9. **Amendment:** LACHES IN FILING SUPPLEMENT. Certain counts of an amended or supplemental answer setting up an equitable defense, filed three years after commencement of suit and only three days before the trial, accompanied by interrogatories to persons not parties to the record, and showing no excuse for the delay, were properly stricken from the files.

*Appeal from Washington District Court.*

FRIDAY, DECEMBER 5.

ACTION at law upon an instrument in writing of which the following is a copy :

" $500.

"I promise to pay to the Iowa Railroad Company or their order, Five Hundred Dollars, as soon as the cars shall run to

Brighton, Iowa, upon a contemplated Railroad, running from Washington, Iowa, or some point on the Railroad completed to that place. PROVIDED, That upon such payment there shall be delivered to me a certificate of stock for five paid up shares of $100 each, in such Railroad company as may build and own said completed Railroad, and PROVIDED FURTHER, That there shall be a Depot established and maintained within one-half mile of the town of Brighton. Now, if said contemplated Railroad and Depot is not completed within two years from this date, then this instrument to be null and void. I hereby authorize the Secretary of the Iowa Railroad Company to place hereon and cancel the necessary Revenue stamps.

" Witness my hand this 21st day of June, 1869.

"ED. DEEDS."


The petition alleges that plaintiff is the owner of the writing, that the conditions of the note have been performed which were assumed by the railroad company named therein as payee, and " that upon payment being made of the amount due thereon, petitioner has ever been ready and willing to deliver to defendant a certificate of stock as called for in the proviso to said instrument."

The defenses are set out by an original and supplemental answer in twenty-eight counts, and those of them that are involved in questions considered in the opinion are in substance as follows, being designated by the numbers they bear in the original pleadings. Original answer: 2d count. The plaintiff is not the real party in interest, but the instrument sued on is the property of some other person. 3d. By the charter of the corporation for whose stock defendant is a subscriber, the city of Washington, in this State, was made its principal place of business, and the law requires the offices and records of the corporation to be kept there. But in fact the offices and records of said company are not, and have not been, kept there, nor

at any other place upon the line of the railroad. 4th. The stock of the corporation is of little value on account of certain fraudulent arrangements made and carried out between it and the Chicago, Rock Island and Pacific Railroad Company whereby it was intended that the first corporation should be, and become insolvent, and the latter one become the owner of the road. Supplemental answer, 3d count: There has been issued no valid certificates of stock, such as, under the obligation sued upon, defendant is to receive. 4th. No tender of stock has been made to defendant. 5th. The certificate of stock, which plaintiff claims he is ready to deliver, was issued without authority, and is null and void. The 9th count sets out substantially the same defense as the 3d count of the original answer. 10th. The stock plaintiff proposes to deliver to · defendant, is stock of the Chicago & South-western Railway Company, which is not the owner of the railroad which plaintiff in his petition alleges is completed. 12th. Certain changes were made in the articles of incorporation after defendant became a subscriber to the stock of the company. 13th. The certificates were issued long after the commencement of this suit. Certain interrogatories are propounded to be answered by the officers of the Chicago & South-western Railroad Company. 15th to 23d set out certain fraudulent combinations and acts of the Iowa Railroad Company, and the defendant, with others, in the organization of a construction company for the purpose of building the railroad, and that a contract was made with that company at a price greatly beyond the true value of the work, whereby defendant and other subscribers to the stock of the railroad corporation were defrauded, etc., etc. Interrogatories are propounded to plaintiff and others not parties to the suit upon the matters alleged. 24th sets up a claim for damages against the Chicago, Rock Island & Pacific Railroad Company.

A motion to strike out the 13th count and the counts from 15 to 23 inclusive, was sustained on the ground that they contain irrelevant and immaterial matter, and the interrogatories are propounded to persons not parties to the suit, and are filed

with an amended answer and no reason given why they were not propounded with other interrogatories accompanying the original answer. A demurrer to the 4th, 12th, 13th and 24th counts of the supplemental answer was sustained. The cause was tried to a jury, and a verdict and judgment were had for plaintiff. Defendant appeals. Other facts necessary for a proper understanding of the points ruled appear in the opinion.

*H. & W. Scofield* for the appellant.

*McJunkin & Henderson, Cook, Richman & Bruning* for the appellee.

Beck, Ch. J.—The objection of the appellant to the proceedings and judgment in the court below are presented in ten points. We will not find it necessary to discuss more than two or three of them at any length. The others may be disposed of upon brief consideration.

1. CONTRACT.

1. The demurrer to the fourth count of the supplemental answer raised the question whether a tender of the stock, which, by the terms of the instrument sued on, is to be delivered to defendant upon the payment provided for therein, is necessary in order to entitle plaintiff to recover in the action. The court below, in the ruling upon the demurrer, held that it is not. To determine the question presented by this ruling is our first duty. The instrument obligates defendant to pay five hundred dollars upon a condition expressed in these words: "Provided, that upon such payment there shall be delivered to me a certificate of stock for five paid up shares of $100 each, in such railroad company as may build and own said completed railroad." Here are mutual covenants; by the first, defendant is bound to pay the sum of $500, and by the second the payee of the instrument undertakes to deliver the stock. They are to be performed simultaneously. The time of payment is determined by the running of the cars to Brighton. When the payment is made, upon that act being done and not at any subsequent or other time, the stock is to

be delivered. Here there are mutual and dependent covenants; neither can be enforced without performance or tender of performance of the other. That the covenants are dependent appears from the language of the instrument. The covenant of the payee of the contract is embodied in a proviso, which has the effect to defeat conditionally the prior obligation of the other party; that is, if the covenant of the payee is not performed, the obligation of the other party is defeated. Hence, before there can be recovery upon the first, the last must appear to have been performed or tender of performance must be shown. These are familiar principles of the law. It has been held that the use of the words *upon* or *on* occurring in a like connection make covenants dependent. *Adams* v. *Williams*, 2 Walls & Sergeant, 227; *Halloway* v. *Davis*, Wright's Ohio Reports, 129; *Taylor* v. *Rhea & Minor*, 10 Ala. 414. It clearly has that force in the obligation in suit. The word *upon* indicates in the connection found in the instrument a state of dependence which is extended to the covenant of defendant by the use of the word '*provided*.'

The covenant of defendant to pay the sum of money specified in the contract and the obligation of plaintiff to deliver the stock certificates being considered mutual and dependent, to give plaintiff a right of action, it is necessary that he perform or tender a performance of his covenant. *School District* v. *Rogers*, 8 Iowa, 316; *Berryhill* v. *Byington*, 10 id. 223; *Winton* v. *Sherman*, 20 id. 295.

We are of the opinion, which is based upon the doctrines just stated, that the court erred in sustaining the demurrer to the fourth count of the supplemental answer, holding thereby that a tender of the certificate of stock was not necessary to be shown in order to fix defendants' liability.

Counsel for appellee insist that it appears from the very nature of the stock certificates which defendant was to receive, that the covenant of defendant was not dependent upon the covenant of the other party. The certificate they claim cannot be issued until payment is made; that the certificate provided for is of "paid up" stock, and they ask how can it be issued

until it is paid for? They claim that it must have been, therefore, the intention of the parties that the payment of defendant should be made before he received the certificate. But it will be observed that the contract does not provide that the stock defendant is to receive is to be necessarily the stock of the corporation that is named therein as the payee or that it is to be the identical stock which shall be *paid up* by the money received from defendants. Facts developed in the court on the trial afford support for this construction of the instrument and render a ready answer to the position of plaintiff under consideration. A certificate of stock of the required amount issued by the Chicago and South-western Railway Company was offered by plaintiff and received in evidence. It was issued to plaintiff and transferred by proper indorsement to defendant and is claimed to be a certificate of the kind of stock to which defendant, under the contract, is entitled; a claim, we think, the record before us well supports. It is thus demonstrated that the certificate required by the contract may be issued and delivered to defendant at the time payment shall be made and before that time, so that it may be tendered in performance of the contract requiring its delivery.

II. Defendant complains that there was error in the court instructing the jury that possession of the certificate of stock and the transfer indorsed thereon above referred to were *prima facie* evidence of plaintiff's ownership of the stock and of a transfer binding between the parties. This complaint is based upon these grounds: 1. There was no proof of plaintiff's signature to the transfer. But it does not appear that any objection was made to the evidence on this ground and it does not affirmatively appear that such proof was not given. If we should hold it to be necessary, the presumption that the writing was introduced upon proper preliminary proof, must be overcome by the record. But nothing of the kind is found therein. 2. The certificate shows that the shares in compliance with law can only be transferred upon the books of the company upon surrender of the certificate. But the assigment to plaintiff con-

2. CORPORATION.

tained proper authority for the transfer upon the books of the company and empowered an officer of the corporation to make it. This we understand is the usual course of business in the transfer of such property and is sufficient in law to vest in defendant the right to the shares and to the required transfer thereof. 3. The certificate of stock purports upon its face to have béen issued at Weston, Missouri. Defendant claims that it is thereby rendered invalid because every corporation organized under the laws of this State shall have its principal place of business at some point on the line of its road. In the first place we have not before us in the abstract the charter or other sufficient evidence to enable us to determine under the law of what State the incorporation issuing the stock was organized.

Neither are we able to say upon the facts disclosed by the abstract that the certificate would be necessarily invalid if 3. — validity of issued at a place out of the State even though certificates. the corporation may be organized under the laws of this State and have its principal place of business here. We know of no law forbidding the charter or by-laws of such an incorporation to authorize the issuing of such instruments by its proper officers at places out of the State, neither are we prepared to determine that, if so issued, without such authority, it would be void.

III. It appears from the record that the Chicago and Southwestern Railroad Company was organized by the consolidation of the Chicago and South-western Railroad Company of Iowa and the Chicago and South-western Railroad Company of Missouri. The defendant offered to prove that neither the first named of these corporations nor the consolidated company, the Chicago and South-western Railroad Company, ever had its officers resident in this State, nor its offices, records and principal place of business here. The same fact, however, was not proposed to be proved as to the Iowa Railroad Company, the payee of the instrument sued upon. The court did not permit the evidence to be introduced, and this ruling is the next ground of error urged by defendant. It is insisted that non-compliance with the law in this respect renders invalid the

transfer of the instrument in suit by the payee to the Chicago and South-western Railroad Company; and the consolidation of the different companies would not be binding upon defendant unless assented to by him. The point made is, that on account of non-compliance with the law by the Chicago and South-western Railroad Company, and one of the two companies consolidating into that corporation, it could not acquire property in the instrument sued on, and the act of consolidation, so far as defendant's rights are concerned, is void. It is not questioned that the Chicago and South-western Railroad Company is a corporation *de facto*, that it is exercising the functions of a corporation, and in their exercise obtained the instrument sued on under the very conditions expressed therein, viz. : by building the line of railroad, to aid the construction of which the contract was executed. Now it will hardly be pretended that under these circumstances a violation of the law by the corporation's failure to manage and conduct its business at places required by law and by officers resident in this State, would defeat their rights to take paper of the character of that in suit and transfer it to a good-faith purchaser. Whatever may be the effect of such disobedience of the law, it cannot be that one bound by a contract can, in order to defeat recovery thereon, set up such matter in defense. See *Washington College* v. *Duke*, 14 Iowa, 14; *Eakright* v. *The Logansport and N. R. Co.*, 13 Ind. 404; *Duke* v. *Cahawby Nav. Co.*, 16 Ala. 372; *Anderson* v. *Newcastle and R.R. Co.*, 12 Ind. 376.

We think this case is within the spirit if not the very terms of Revision, section 1181 (Code, § 1089), which provides that "no body of men acting as a corporation under the provisions of this chapter shall be permitted to set up the want of legal organization as a defense to an action against them as a corporation, nor shall any person, sued on a contract made with such corporation, * * * * * be permitted to set up a want of such legal organization in his defense." The objection urged by defendant reaches to the legality of the organization of the Chicago and South-western Railroad Company, the corporation that built the railroad contemplated

in the instrument executed by defendant. If the contract had been made directly with the company such a defense could not have been pleaded to an action thereon. *Howe Machine Co. v. Snow*, 32 Iowa, 433. But while it was made with the Iowa Railroad Company, it contemplates that the road may be built by another corporation, and it seems to have been the object of the parties to so provide that all the rights of the Iowa Railroad Company under it could be transferred to and its obligations assumed by another railroad company. While, therefore, the contract was originally not directly between defendant and the Chicago and South-western Railroad Company, yet as it was the intention of the parties that it might be transferred to that company, defendant surely cannot set up defenses which would be forbidden were the Chicago and South-western Railroad Company a party named in the instrument. The legal principle is this: If a person execute his note under an arrangement that it shall be transferred to any other person who shall do certain labor, the performance of which constitutes the consideration of the instrument, he cannot question the capacity of the person receiving the note and doing the labor under such a contract, to enforce it against him, if such person could have enforced the contract had it been made with him originally. Indeed, if a contract be executed with the express understanding that it shall be transferred with its rights and obligations to a third party, he will have all the rights under it when so transferred, that he would have possessed had he been an original party thereto, and in such a case it could be held without any great stretch of liberality, that the contract was made with him. If this position be correct the statute above quoted is applicable to the facts involved in the question under consideration, and determines that the want of a legal organization of the corporation transferring the contract to plaintiff cannot be set up as a defense to this action.

IV. The defendant proposed to prove that the Chicago & South-western Railroad Company had not, at any time, owned 5. RAILROAD. or controlled any of the rolling stock used upon the railroad. The contract provides that defend-

ant shall receive shares of stock in a company that "may build and own said completed railroad." Defendant insists that the rolling stock is a part of the railroad and that it cannot be said to be completed unless it be supplied therewith. As the corporation issuing the certificate of stock to defendant does not own the rolling stock, it is not the owner of a completed railroad, and the contract to deliver to defendant a certificate of stock in a company having a completed road is not performed. We are not called upon by the nature of the question presented in this point to determine whether the rolling stock of a railroad corporation is a part of the road itself. We may reach a conclusion upon the question without entering upon such an inquiry. We readily concede that the contract sued upon contemplates a railroad so far completed that it shall be used and operated for the purpose of transporting persons and property. This is clearly expressed in the condition that payment shall be made when " the cars shall run " to a place named. But we find nothing in the contract that warrants the construction requiring the road to be operated with rolling stock to be owned by the corporation building it. Neither is it made to appear that the corporation under its charter does not possess the usual powers of all such companies to hire or lease rolling stock to be used upon its road, or to lease the road itself, and authorize its operation by another corporation. If the road is completed and operated in this way the contract is surely sufficiently complied with by the company bound thereby.

V. The records from the proper recorder's office of conveyances to the Chicago & South-western Railroad Company for the right of way of the railroad in question, and of a mortgage thereon, were introduced by plaintiff and received in evidence against defendant's objection without preliminary proof of the loss of the original documents, or that they were not in the possession of the plaintiff, or under his control. The ruling admitting this evidence was erroneous. The preliminary proof just indicated was

6. EVIDENCE.

necessary to render the records competent evidence. Rev., §§ 2236, 4002; *Byington* v. *Oaks*, 32 Iowa, 489; *Ackley* v. *Sexton*, 24 id. 321; *Williams* v. *Heath*, 22 id. 520.

The answer of defendant's counsel to this objection is not sufficient. They claim that the object of the evidence was not to show title in the railroad company, but to show the fact that deeds were on record conveying the right of way to it. But we do not concur in this statement of fact. There was no issue in the case calling for evidence of the fact which plaintiff claims the records were introduced to prove. As we understand the abstract, the evidence was introduced to show that the Chicago & South-western Railroad Company owned the road in order to establish a compliance with the provision of the contract requiring stock of the company building and owning the road, to be delivered to defendant, a fact that was in issue in the case.

But counsel for plaintiff maintain that if the court did err in this ruling, it was error without prejudice as there was other ample evidence establishing the fact. There was other evidence upon the point, as the articles of incorporation of the Chicago & South-western Railroad Company, a map of the road and testimony of witnesses showing its completion, etc., etc. But we are unable to say that upon such evidence without the deeds and other instruments erroneously introduced, the fact could not have been otherwise found than that the road was owned by the Chicago & South-western Railroad Company — a conclusion to which we must reach before we could hold that the evidence so erroneously admitted did not work prejudice to defendant.

VI. The defendant upon the trial introduced one of the attorneys for plaintiff as a witness and elicited from him

*7. —— part of act or declaration.* the fact that he had received the instrument for collection from an attorney in Chicago who, as it had been before shown, was the president of the Chicago & South-western Railroad Company. The object of this evidence seems to have been to show that the property in the instrument

was in that company, or at least not in the plaintiff. Upon his cross-examination he was permitted to testify against defendant's objection that, when he received the contract from the president of the railroad company, he was informed by that individual that "it had been turned over by the company to plaintiff, and belonged to him." We discover no well founded objection to this evidence. It tends to show that the witness received and held the paper as the property of plaintiff; that it was so held by the party from whom he received it, matters which were a part of the very transaction of which he testified in his examination in chief. The admission of the evidence was authorized by Revision, section 3992, which permits the whole of an act, declaration or conversation to be given in evidence by one party when the other has introduced a part.

VII. An instruction of the court to the effect that possession of an instrument is *prima facie* evidence of ownership

8. —— possession of instrument. is made the ground of an objection by defendant. While counsel do not doubt the correctness of the rule as a general proposition, they insist that it was erroneous, applied to the facts of the case. The instruction does not mean as counsel are understood to contend, that possession is evidence of a valid assignment or indorsement of a negotiable instrument but rather of ownership acquired by delivery which is permitted under our law. Neither is another position taken by them upon this point well founded, viz. : that as there was evidence tending to establish the possession of the note in a party other than plaintiff, the instruction was inapplicable to the facts. The question of possession was to be determined by the jury, and if they found it in plaintiff or another this was evidence of ownership of the one holding it. The rule was intended to aid the jury to determine whether the instrument was the property of plaintiff or of another, and under proper preponderance of proof could have been turned to defendant's advantage. The instruction was properly given to the jury.

Courtright v. Deeds.

VIII. Certain counts of the supplemental answer were upon motion of plaintiff stricken out. They set up matter much of 9. AMENDMENT. which is in the nature of an equitable defense to the action, and ask affirmative relief that may only be granted by a court of chancery. Persons other than plaintiff are asked to be made parties to the proceedings, and interrogatories intended to support the allegations of these counts are propounded to such persons or some of them. The original answer was filed September 20, 1873, the supplemental answer September 18, 1873, and the trial had three days after. It does not appear that the answer of the interrogatories would not have delayed the trial, and no such affidavit as is required by Revision, section 2988, was filed, showing the facts the defendant expected to prove by the answers, and that the interrogatories had not been filed for delay. Under this state of facts we think it does not affirmatively appear that the court committed an error in striking the counts.

IX. A contract between the Iowa Railroad Company and the Chicago and South-western Railroad Company was introduced in evidence, defendant objecting thereto. Its admission is assigned for error. The instrument is not set out in the record; neither do the facts upon which the objections to it were grounded affirmatively appear. No question, therefore, in regard to the ruling of the court admitting the evidence is in a shape to be passed upon by us.

We have considered all questions upon the record of the case before us which may again arise in another trial. On account of the errors pointed out in paragraphs I and V of this opinion the judgment of the district court is reversed and the cause remanded.

                                        Reversed.