## NELSON v. WILSON.

1. **Appeal:** QUESTION NOT RAISED BELOW: FAILURE OF CONSIDERATION. In an action for money to be. paid upon the delivery of a release, no claim was made below that the release, if executed and delivered, would have been a legal nullity, and that hence the agreement to deliver it was no consideration for the promise to pay. *Held* that that question could not be raised for the first time on appeal.

2. . **Tender:** CONDITION PRECEDENT TO ACTION. No action *at law* can be maintained for money to be paid upon the delivery of a release, unless there has first been a delivery or tender of the release. No mere offer to execute and deliver it is sufficient, even though the defendant has declared in advance that he would not accept it. (Compare *Courtright v. Deeds*, 37 Iowa, 503). In equity a different rule obtains.

*Appeal from Wright District Court—* HON. S. M. WEAVER, Judge.

FILED, MAY 14, 1888.

THIS is an action at law for the recovery of a balance alleged to be due of the purchase price of an interest in a tract of land which was sold and conveyed to defendant by plaintiff's mother, it being the agreement of the parties that the consideration should be paid to plaintiff. The verdict and judgment were for plaintiff, and defendant appeals.

*B. P. Entriken* and *Nagle & Birdsall*, for appellant.

*Pillsbury, Moats & Moats*, for appellee.

REED, J.—Plaintiff is the illegitimate son of Mary Nelson, who is now the wife of defendant. She was formerly the wife of Anton Nelson, by whom she had two children. At the time of his death Anton Nelson was seized of a forty-acre tract of land, which descended to his widow and children. After the marriage of defendant with the widow, and after a child had been born to them, they entered into a contract for the sale and purchase of her distributive share of the land. She was desirous of making such provision for plaintiff out of the property as would place him on an equality with the children of Arthur Nelson,—whose interest in the property defendant purchased from their guardian,—and it was agreed that the amount which defendant was to pay under the contract should be paid to him. Defendant was desirous that the whole of the estate of which he should be seized at his death should, after the death of his wife, in case she survived him, be secured to his own child, and it was a condition of the contract that plaintiff should execute and deliver to him an instrument releasing all the interest which he otherwise would acquire by descent from his mother in her distributive share of defendant's estate, in case she should survive him. In pursuance of the contract, Mrs. Nelson executed to defendant a conveyance of her interest in the property. The amount which defendant agreed to pay plaintiff was three hundred dollars, which the evidence shows was considerably in excess of the value of

Nelson v. Wilson.

the interest in the property acquired by him. He paid one hundred dollars of the amount, and the action is for the recovery of the balance. Plaintiff did not, before bringing the action, execute and tender the writing contracted for, nor has he since done so. There was evidence, however, tending to prove that he offered to execute and deliver any instrument which should be deemed sufficient for the purpose intended, and which should be satisfactory to defendant, but the latter had in the meantime been advised that no instrument could be executed which would have the effect intended, and he declined to either pay the money or proceed further in the matter.

I. It was contended on the argument that, as plaintiff had no interest, either present or in expectancy, in the estate of which defendant might be seized at his death, his release would pass nothing, and consequently the covenant that he should give such release afforded no consideration for defendant's promise to pay the money. But no such question appears to have been passed upon by the court below. The parties appear to have regarded the contract as valid in all its provisions, both in their pleadings and on the trial. The only defense pleaded by defendant was that the covenant to execute the release was dependent, and that it had not been performed. If the position of counsel as to the effect of the release, or, rather, its non-effect, is correct, it would follow that there was a partial failure of the consideration of defendant's promises to pay the money, which can be taken advantage of only under proper pleading alleging such failure.

1. APPEAL: question not raised below: failure of consideration.

II. The district court instructed the jury that plaintiff would be entitled to recover upon proof of an offer by him to execute the release. This we think is erroneous. The covenants are mutual and dependent. The execution of the release is what the defendant contracted for. That is, he agreed to pay the money, in part at least, for it; and plaintiff's undertaking, or, rather, the covenant in the

2. TENDER: condition precedent to action.

agreement which he is seeking to enforce, was that he would execute and deliver it upon the payment of the money. Now plaintiff is seeking by this action to enforce the contract, but he will not be entitled to recover the money until he has done the particular thing which he agreed to do as the consideration for its payment. Any offer on his part to perform, short of a tender of the thing he agreed to deliver, is insufficient. It makes no difference that defendant déclared in advance that he would not accept the release ; for, as plaintiff's covenant was to execute and deliver it, and defendant was bound to pay the money only when that was done, he would not be put in default by anything short of that, or, at least, until a tender of performance was ready. This is the doctrine of *Courtright v. Deeds*, 37 Iowa, 503, and it is the rule when relief is sought in actions at law. When relief is sought in equity a different rule obtains. But in actions in equity the court can by the decree grant the plaintiff such relief as he shows himself entitled to, upon such conditions as will fully protect the rights of the defendant. *Winton v. Sherman*, 20 Iowa, 295. For this error the judgment will be

REVERSED.