Johnson v. Kessler.

JOHNSON *et al.* v. KESSLER *et al.*

| 76 | 411 |
| f126 | 699 |
| 76 | 411 |
| 138 | 320 |

1. **Corporations:** WHEN THEY MAY TRANSACT BUSINESS. A corporation may lawfully commence business,—that is, exercise its corporate authority and power,—when its articles of incorporation are filed. It is not necessary that any particular amount of the capital stock first be subscribed, unless the articles of incorporation so provide.

2. **Railroads:** TAX IN AID OF: NOTICE OF ELECTION: TIME. The statute does not require that notice of an election upon the question of a tax in aid of a railroad shall be published ten days before the election. It is sufficient if it is done "immediately" after the petition is filed; that is, as soon as the newspaper selected by the township trustees is published.

3. ———: ———: FAILURE TO COMPLY WITH CONDITIONS. A taxpayer cannot defeat a tax voted in aid of a railroad under chapter 159, Laws of 1884, on the ground that the company has failed to comply with the conditions of the notice of the election, and to complete the road in the time therein prescribed. Tax-payers are in such case to be regarded as in the same situation as subscribers to the stock of the company.

4. ———:——— : EXPENDITURE OF MONEY : TAX-PAYERS ESTOPPED. When a railroad company expends large sums in the construction of a railroad, tax-payers, having before the completion of the road made no objection to a tax voted in its aid, are estopped to deny its validity. (See cases cited in opinion.)

*Appeal from Bremer District Court.*—HON. J. B. CLELAND, Judge.

FILED, DECEMBER 22, 1888.

ACTION in chancery to restrain the collection of a tax voted by the electors of a township in aid of the construction of a railroad. Upon a trial on the merits plaintiffs' petition was dismissed. They now appeal to this court.

*Boies, Husted & Boies,* for appellants.

*Gibson & Dawson,* for appellees.

BECK, J.—I. Counsel for plaintiffs insist that the tax voted is void for the reason that, as the stock authorized by the articles of incorporation of the company to whom the tax was voted was not all subscribed or taken, the corporation was not in fact in existence. Counsel's position, expressed in their own language, is this : " It was not in law a corporation until its required capital stock was subscribed." The ready answer to this objection is found in the statute. The purposes and objects of an incorporation is to clothe persons who associate themselves together for that purpose with authority and power to do lawful business as an individual. Code, sec. 1058. It is enacted that an incorporation may commence business as soon as its articles of incorporation are filed in the recorder's office. *Id.* sec. 1064. The corporation may, then, lawfully commence business,—that is, exercise its corporate authority and power,—when its articles of incorporation are filed. Nowhere is there an intimation in the statute

*1. CORPORATIONS: when they may transact business.*

that this authority and power cannot be exercised until all of its stock has been subscribed. There is nothing in the articles of incorporation of the railroad company to which the aid was voted, providing that the company shall not begin business until a prescribed amount of stock shall have been subscribed. *Peoria & R. I. Ry. Co. v. Preston*, 35 Iowa, 115, cited by plaintiffs' counsel, interprets the power of an Illinois corporation, in the absence of any statute similar to our own, authorizing corporations to commence business upon filing articles of incorporation, or upon the happening of any other prescribed event.

II. It is insisted that the tax is void for the reason that the notice of election was not published in a news-

2, RAILROADS: tax in aid of: notice of election: time.

paper for ten days; but the statute prescribed no time during which the publication shall be so made. It prescribes that "immediately" after the petition is filed the publication shall be made in the newspapers. The township trustees, in the exercise of their discretion, may select the newspapers in which the notice shall be published. This is to be done immediately, but of course the time of the publication will depend upon the day of issue of the paper. It is very plain that the statute does not require the newspaper publication to be made ten days before the election.

III. It is insisted that the company did not comply with the conditions of the notice, and complete the

3. ——:——: failure to comply with conditions.

railroad in the time therein prescribed; but it cannot be claimed that the failure of the corporation to perform its contract as to the time of the completion of the road will release stockholders from their subscription. Counsel insist that plaintiffs and other tax-payers are to be regarded as stockholders, or rather that a municipality subscribing upon a vote of the people is to be regarded as a stockholder. Of course the plaintiffs stand before this court with the same and no other rights than those possessed by the township, were it a party to the suit. See *Courtright v. Deeds*, 37 Iowa, 511.

IV. This court has held by a majority opinion that when a railroad company expends large sums in the construction of a railroad, tax-payers, hav-

4. —:—: expenditure of money: tax-payers estopped.

ing before the completion of the road made no objection, are estopped to deny the validity of the tax. *Burlington, C. R. & M. Ry. Co. v. Stewart*, 39 Iowa, 267; *Lamb v. Burlington, C. R. & M. Ry. Co.*, 39 Iowa, 333. This doctrine is applicable to this case, and supports the decision of the court below.

V. The statute under which the vote was had provides that it shall be void in case the vote was had upon any agreement or promise for a rebate or exemption of the taxes, or an agreement to pay for the stock an agreed price, or for a division of the tax. Plaintiffs have failed to establish facts bringing the tax in question within this provision. This discussion disposes of all questions arising in the case. It is our opinion that the judgment of the district court ought to be

AFFIRMED.