## In re HALL et al.

(District Court, N. D. Iowa, C. D.    August 18, 1913.)

### No. 915.

1. CORPORATIONS (§ 90*)—STOCK SUBSCRIPTIONS—ENFORCEMENT—NECESSITY OF TENDER.

Where a stock subscription contract provided for payment of one-third of the amount at the time of the subscription and the balance in two equal payments, to be made in three and six months from such date, and further provided that when the total amount of the subscription should be paid the company would deliver the stock, the company's agreement to issue certificates for the stock was not a condition subsequent, but one to be performed simultaneously with the final payment by the subscriber; and hence, where such certificates were never delivered or tendered, the amounts agreed to be paid could not be recovered by the corporation or its assignee.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 245, 383–419; Dec. Dig. § 90.*]

2. CORPORATIONS (§ 90*)—STOCK SUBSCRIPTIONS—ENFORCEMENT—NECESSITY OF TENDER.

Where under a stock subscription contract the corporation could not recover amounts agreed to be paid, without delivering or tendering certificates for the stock, one who, upon the corporation's becoming bankrupt, purchased the subscription contract, stood in no better position than the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 245, 383–419; Dec. Dig. § 90.*]

In the matter of George B. Hall and another, bankrupts. Claim of the Lumbermen's Cement & Brick Company, presumably a corporation. An order was entered by the referee rejecting the claim, and the claimant petitions for a review. Order approved.

J. L. Bonar, of Algona, Iowa, for petitioner.

E. V. Swetting, of Algona, Iowa, for trustee.

REED, District Judge. April 27, 1909, the bankrupt, George B. Hall, subscribed in writing for $500 of the preferred and common stock of the Lumbermen's Portland Cement Company, a Kansas corporation, which contract reads as follows:

"Original Subscription to Stock of Lumbermen's Portland Cement Company.

*    *    *    *    *    *    *    *    *    *

"Payment on this contract to be made only by draft or check payable to the order of the company.'

"I hereby subscribe and agree to take five shares of the 7 per cent. interest-bearing preferred stock of the Lumbermen's Portland Cement Company, said shares being of the par value of one hundred ($100.00) dollars each, for which I agree to pay *five hundred* ($500) dollars, as follows: One-third at the time of making my subscription; the balance in two equal payments of three and six months from date.

"The company will issue its receipt for each payment when made, and, when the total amount of my subscription for stock shall have been paid, deliver said stock, together with a like amount of common stock of the Lumbermen's Portland Cement Company as a bonus. Stock certificates will bear date corresponding to date of second payment on this contract.

"Name: *George B. Hall.*

"P. O. Address: *Wesley, Iowa.*

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"In consideration of above subscription, the Lumbermen's Portland Cement Company agrees to return to the purchaser in cement or brick, at the ruling market price thereof, at the time of ordering the same, the amount of the above investment as a bonus, such return to be made within a period of four years from date of completion and beginning of operation of its plant, in proportion of one-fourth of the amount each year, and not to exceed one-fourth of each year's allotment to be returned during any three-months period of each year.

"It is further agreed that the Lumbermen's Portland Cement Company will deliver the entire first year's proportion of cement or brick, due under this contract, during the year nineteen hundred and nine (1909).

"*Lumbermen's Portland Cement Co.,*
"Dated *April 27, '09.*                         By *W. G. Higley.*"

The words in italic are written with a pen; the rest of the instrument is printed.

Hall paid the first installment of his subscription, viz., $166.67, at the time he signed the instrument. Some time after, but just when does not appear, the Lumbermen's Portland Cement Company was adjudged bankrupt, by what court does not appear, and at a sale of its assets pursuant to an order of the bankruptcy court the contract above set forth was sold to the petitioner, the Lumbermen's Cement & Brick Company, and in due time it filed proof of a claim for $333.-33 against the bankrupt estate of George B. Hall, based upon said instrument, and asked that it be allowed as a claim against said estate. The trustee of the estate objected to its allowance upon the grounds, in substance, that the Lumbermen's Portland Cement Company had not complied with its part of the contract, in that it had not issued to Hall the certificates of stock as provided in the writing, nor tendered such certificates to him, or to the trustee in bankruptcy of his estate; that the Portland Company is now bankrupt, and cannot perform its part of the contract, and had refused to furnish to Hall any cement or brick, as it had agreed to do upon the written request or demand of Hall that it do so.

The referee sustained the objections of the trustee and entered an order refusing to allow the claim. The Lumbermen's Cement & Brick Company petition for a review of this order. Counsel for the petitioner contends that the agreements of the Lumbermen's Portland Cement Company above set forth were "conditions subsequent," and constituted no defense to the subscription contract of the bankrupt; that its agreement to return to Hall cement or brick equal to the amount of the stock subscription is void.

[1] We need not consider the second or latter contention of the petitioner above stated; for the agreement of the Lumbermen's Portland Cement Company to issue to Hall, upon final payment of his subscription, certificates for the preferred and common stock of its company, was to be performed by the company simultaneously with the payment by the bankrupt of the total amount of his subscription. This was not a "condition subsequent," but an undertaking by the Portland Cement Company to issue the certificates simultaneously with the final payment by the bankrupt of his subscription for the stock. The undertakings of the parties were mutual, and were to be performed at the same time. Courtright v. Deeds, 37 Iowa, 503; Coop-

er v. McKee, 49 Iowa, 286; Nelson v. Wilson, 75 Iowa, 710, 38 N. W. 134. The certificates of stock were never delivered, or tendered by the Portland Company to the bankrupt before his bankruptcy; nor have they been delivered or tendered to his trustee since the bankruptcy.

[2] The petitioner, as assignee of the Lumbermen's Portland Cement Company, or as the purchaser of the subscription contract of the bankrupt as a part of its assets, stands in no better position under said contract than the Lumbermen's Portland Cement Company stood.

The order of the referee is approved.